# Exhibit A

Nathan Langston, Bar #13785
**MCMULLIN INJURY LAW, PLLC**
301 N. 200 E. Suite 3C
St. George, UT 84770
Phone: (435) 673-9990
Fax: (435) 673-9989
nate@stginjurylaw.com
*Attorney for Plaintiff*

## IN THE SIXTH JUDICIAL DISTRICT COURT

## IN AND FOR SEVIER COUNTY, STATE OF UTAH

| | |
|---|---|
| NICHOLAS P. BAKOTICH, <br><br> Plaintiff, <br> v. <br><br> LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. dba LOVE'S <br><br> Defendant. | **SUMMONS** <br><br> Civil No. 220600072 <br><br> Judge Mandy Larsen |

TO:   LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.
Attn: Amy Guzzy (General Counsel)
10601 North Pennsylvania Avenue
Oklahoma City, OK 73120

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

You are summoned and required to answer the attached Complaint within 21 days after service of this Summons, or if service is made upon you out of the State of Utah, within 30 days. You must file your written answer with the Clerk of the Court at the following address:   845 East

300 North, Richfield, Utah 84701; and you must mail or deliver a copy to Plaintiff's attorneys at the address listed above. If you fail to do so, Judgment by Default may be taken against you for the relief demanded in the Complaint.

DATED this __29th__ day of August, 2022.

McMULLIN INJURY LAW

*/s/ Nathan Langston*

Nathan Langston
Attorney for Plaintiff

Nathan Langston, Bar #13785
MCMULLIN INJURY LAW, PLLC
301 N. 200 E. Suite 3C
St. George, UT 84770
Phone: (435) 673-9990
Fax: (435) 673-9989
nate@stginjurylaw.com
*Attorney for Plaintiff*

IN THE SIXTH JUDICIAL DISTRICT COURT

IN AND FOR SEVIER COUNTY, STATE OF UTAH

| | |
|---|---|
| NICHOLAS P. BAKOTICH,<br><br>      Plaintiff,<br>v.<br><br>LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., dba LOVE'S<br><br>      Defendant. | **COMPLAINT – TIER III**<br><br>Civil No. 220600072<br><br>Judge Mandy Larsen |

COMES NOW Plaintiff NICHOLAS P. BAKOTICH and complains of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., as follows:

**PARTIES**

1. At all times relevant herein, Plaintiff (hereinafter "Nicholas" or "Plaintiff") was and is a resident of and domiciled in Los Angeles County, California.

2. Upon information and belief, at all times relevant herein, Defendant Love's Travel Stops & Country Stores, Inc. (hereinafter "Love's" or "Defendant") is an

1

Oklahoma limited liability company doing business in Sevier County, State of Utah.

## JURISDICTION AND VENUE

3. This action arises out of an injury due to a trip and fall occurring on or about September 5, 2018, in Sevier County, Utah.

4. The acts complained of by Plaintiff herein occurred in the state of Utah, and Plaintiff suffered injuries and damages inside the state of Utah as a result of Defendant's conduct complained of herein.

5. Jurisdiction in this Court is proper and is predicated on Utah Code Ann. § 78A-5-102 (2008), and Utah Const. Art. VIII, § 5.

6. Venue in this Court is proper and is predicated on Utah Code Ann.§ 78B-3-307.

## TIER ELECTION

7. Pursuant to Rule 26(c) of the Utah Rules of Civil Procedure, Plaintiff elects Tier III discovery.

## CODES and STANDARDS

8. According to the American Public Works Association ("AWPA"), defective concrete includes vertical displacement of ¼ inch or more and the AWPA requires replacement of such defective concrete.

9. ANSI, ADA and the International Code Council standards mandate that vertical displacements of ¼ inch or more on concrete walkways be mitigated by business owners because they constitute tripping hazards.

10. A business that fails to mitigate tripping hazards on its premises and someone is hurt thereby, the business is responsible for all the harm they cause.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff reasserts all the allegations made in this Complaint and incorporates them herein as if set forth in full.

12. This action arose as a consequence of a slip and fall that occurred on September 5, 2018, on the premises of Loves Travel Stop located at 2055 South State Street in Salina, Utah.

13. Upon information and belief, the premises are owned and maintained by Defendant Love's Travel Stops and Country Stores, Inc.

14. Prior to the incident giving rise to the lawsuit, a concrete slab near the gas pumps had sunk into the ground, creating an elevation displacement of approximately 1 ½ inches.



15. Wear, debris, and trash accumulation implies the displacement has been present for years prior to September 5, 2018.

16. Routine premises inspections would have revealed the hazardous condition.

3

17. Mitigating the danger would have included replacing the slab of concrete to be level with the other concrete surfaces, pouring additional concrete and sloping it up to the level of the other concrete surfaces, or simply warning customers by applying bright paint to the concrete displacement.

18. Loves did nothing to mitigate the danger prior to the subject incident.

19. The displaced concrete heave was between the fuel pumps and the entrance to the gas station.

20. It was common and customary for Love's customers to walk between the pumps and the entrance to the store.

21. It was foreseeable that one of its customers would catch his/her foot on the 1 ½ inch concrete heave and become injured from a fall.

22. Such a foreseeable event happened on September 5, 2018.

23. On that date, Nicolas Bakotich and a co-worker stopped at the Love's Travel Stop in Salina to fuel their vehicle and take a short bathroom break.

24. While waiting for the truck to be fueled, Nicholas decided to take a break and go inside the Loves store.

25. As Nicholas proceeded, with his attention directed to the entrance to the store, his foot caught the tripping hazard, and he tripped and fell to the ground.

26. At the time of the subject incident, Nicholas was a patron of Defendant Love's Travel Stop and Country Stores.

27. There were no warning signs for the uneven concrete.

28. There were no caution ribbons around the area.

29. Loves knew or should have known that the concrete was uneven and created an unreasonably dangerous condition for its patrons.

30. The uneven concrete slab was difficult to see by patrons of Loves, including Nicholas.

31. The uneven concrete created an unreasonably dangerous hazard.

32. Prior to tripping, Nicholas did not see the tripping hazard.

33. As a result of this incident, Nicholas suffered serious injuries.

34. Upon information and belief, Defendant knew or should have known of the dangerous condition upon which Nicholas fell prior to Nicholas's fall.

35. As a direct and proximate result of Defendant's negligence in creating a dangerous condition and not warning the public of the unreasonably dangerous hazard, Nicholas sustained damages, including pain and suffering, lost quality of life, emotional distress, impairment, and past and future incidental and consequential expenses and damages.

## FIRST CAUSE OF ACTION
### (Negligence – Premise Liability)

36. Plaintiff reasserts all the allegations made in this Complaint and incorporates them herein as if set forth in full.

37. Defendant Loves owed Plaintiff, at a minimum, the following duties:

    a. A non-delegable duty to maintain its premises in a reasonably safe condition or to warn patrons of any dangerous condition existing thereon;

    b. A duty to properly warn Love's patrons of the unreasonably dangerous condition;

    c. A duty to remedy known hazards on the Loves' property that could

foreseeably injure its patrons;

    d.    A duty to inspect and identify foreseeable hazards posing unreasonable risks to store patrons; and

    e.    Other acts and omissions yet to be discovered.

38.    Loves chose not to grind down or repair the uneven concrete, which would have taken only a few hours.

39.    Loves chose not to spray-paint the uneven concrete with brightly colored paint, which would have warned patrons of the hazard and easily prevented the injury that Nicholas sustained.

40.    Loves chose not to cordon off the area with ribbon, barricades, or other devices.

41.    Loves chose to leave the uneven concrete, causing a tripping hazard.

42.    Loves chose not to warn Loves' patrons of the existence of the tripping hazard that existed on its premises.

43.    Choosing to allow the concrete to become uneven where patrons walked breached Loves' duty to use reasonable care to provide a reasonably safe environment for Loves' business invitees.

44.    The incident was a result of Love's unreasonable construction, maintenance, duty to remedy and warn, and/or inspection practices.

45.    Loves knew, or reasonably should have known, that such a dangerous condition created a foreseeable risk of harm to its patrons.

46.    Plaintiff's injuries and damages were directly and proximately caused by Love's breach of duty.

47. As the direct and proximate result of Defendant Love's conduct, Plaintiff has suffered damages for which Defendant Loves is liable in an amount to be proved at trial.

47. As the direct and proximate result of Defendant Love's conduct, Plaintiff has suffered damages for which Defendant Loves is liable in an amount to be proved at trial.

## DAMAGES

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1-47 above.

49. As a direct and proximate result of Defendant's wrongful acts, omissions, negligence, premise liability, and recklessness, Nicholas suffered a fractured right hip and bruised knee, requiring a right hip hemiarthroplasty. In addition, Nicolas's recovery has been complicated and necessitated multiple surgeries, in patient care facility stays and other injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For general damages that Plaintiff has suffered, including pain and suffering, emotional distress, impairment, and lost quality of life, in amounts to be proved at trial;

B. For all consequential, incidental, and special damages that Plaintiff has suffered, including but not limited to past and future medical expenses and benefits, in amounts to be proved at trial;

C. For prejudgment and post-judgment interest at the legal rate from the date of Plaintiff's injuries until paid;

D. For costs incurred and accruing; and

E. For such other and further relief as the court deems just under the circumstances.

DATED the 29th day of August, 2022.

                                        MCMULLIN INJURY LAW

                                        */s/ Nathan Langston*

                                        Nathan Langston
                                        Attorney for Plaintiff

**PLAINTIFF'S ADDRESS:**

c/o McMullin Injury Law
301 North 200 East, Suite 3C
St. George, Utah 84770

8